United States District Court
Eastern District of Michigan
Southern Division

United States of America,

                Plaintiff,

v.

James Nelson Holloway II,

                Defendant.

_____/

Case No. 24-mj-30456

Honorable Anthony P. Patti

**Supplemental Authority in Support of Response
to Defendant's Motion to Dismiss (ECF No. 21)**

On March 19, 2025, the government filed a response to Defendant's motion to dismiss. (ECF No. 24, Response). The government continued to research the issues presented by the motion. And there are two updates for the Court.

The first is a new and possibly dispositive argument—namely, that the pending detention motion stays the Speedy Trial Act clock. Here, there is a pending detention motion and the hearing has been continued. (*See* Order, ECF No. 11, PageID.37 ("the detention hearing . . . shall be continued")). And the pending detention motion stays the Speedy Trial Act clock under § 3161(h)(1)(D). *See* § 3161(h) and § 3161(h)(1)(D) ("The following periods of delay *shall be excluded*" . . . "*any period of delay* resulting from other proceedings concerning the defendant, *including . . . delay resulting from any pretrial motion*, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion[.]")

1

(emphasis supplied); *see also United States v. Tinklenberg*, 563 U.S. 647, 650, 660 (2011) (the time between the filing of "any pretrial motion" and its resolution is excludable); *Henderson v. United States*, 476 U.S. 321, 330 (1986) (holding that, for motions that require hearings, excludable pretrial-motion delay encompasses "all time between the filing of a motion and the conclusion of the hearing on that motion, whether or not a delay in holding that hearing is reasonably necessary[.]"). Also § 3161(h)(1)(D) trumps § 3161(h)(1)(F). *See United States v. Zabawa*, 719 F.3d 555, 562 (6th Cir. 2013) (holding that exclusion under § 3161(h)(1)(D) for a pending motion trumped transportation provision in § 3161(h)(1)(F)). *Cf. United States v. Perry*, 116 F.4th 578, 583 (6th Cir. 2024) (citing *Zabawa*, 719 F.3d at 562, and holding that an analogous provision, § 3161(h)(4), "independently paused" the Speedy Trial Act deadline when read "in tandem with" § 3161(h)(1)(F) because "the terms 'any' and 'shall' are absolute prohibitions on counting against the Speedy Trial Act deadline time[.]").

*United States v. Beler*, No. 19-MJ-100, 2019 WL 5789747, at *7–11 (D.D.C. Nov. 6, 2019), is on point. Like our case, the parties there "clearly expected that, at some point, the pretrial detention motion would need to be resolved at a hearing before the magistrate judge." *Id.* at *9. The minute entry there "continu[ed] the detention hearing 'until the competency evaluation has been completed, heard and granted.'" *Id.* Same as the Order here. (*See* Order, ECF No. 11, PageID.37 ("the detention hearing begun on October 28, 2024 shall be continued until such time as either competency has been

2

found, or if not found, restored.")). And "under *Tinklenberg*, the speedy trial clock was stopped during the pendency of the detention motion[.]" *Id.* (citing *Henderson v. United States*, 476 U.S. 321, 330 (1986), *United States v. Bryant*, 523 F.3d 349, 359 (D.C. Cir. 2008), *United States v. Rice*, 746 F.3d 1074, 1081 (D.C. Cir. 2014), and *United States v. Holmes*, 508 F.3d 1091, 1096 (D.C. Cir. 2007)). *See also United States v. Hughes*, 840 F.3d 1368, 1378 (11th Cir. 2016) (excluding from Speedy Trial Act computation all the time from the filing of an oral motion for detention through its resolution, despite continuances in holding the hearing on the motion); *United States v. Gonzales-Rodriguez*, 621 F.3d 354, 368 (5th Cir. 2010) (excluding from Speedy Trial Act computation for filing indictment from the filing of a motion for detention and its resolution).

The second (likely moot) issue is whether the delay caused by the Clerk's failure to provide the Order to the USMS is excludable under § 3161(h)(1)(F). The government found one non-binding case that says "no." *See United States v. Williams*, 917 F.3d 195, 204 (3d Cir. 2019) ("Thus, delay—beyond ten days—in transporting a defendant that is attributable only to negligence on the part of the Government or a district court in relaying to the Marshals Service the order directing the defendant's transport is patently unreasonable and non-excludable."). But it is arguable that the Clerk's failure to obey a court order was not "known to or anticipated by the government" at the time and is an "extraordinary event" that rebuts the presumption. If so, it should be excluded. *See United States v. Olivas*, No. 21-MJ-2051-MAT, 2022 WL

3

17084399, at *5 (W.D. Tex. Nov. 17, 2022) ("the question then becomes whether the Government has rebutted the presumption of unreasonableness under § 3161(h)(1)(F) by showing that the delay in Defendant's transportation was precipitated by an 'extraordinary event,' and not merely by 'ordinary institutionalized delay' . . . the focus of the 'extraordinary event' inquiry is whether the cause of the delay was known to or anticipated by the government at the time that it occurred; 'common' causes of delay that were previously known to the Government do not suffice.") (quoting *United States v. Castle*, 906 F.2d 134 (5th Cir. 1990)).

  The government could not find a Sixth Circuit case that has directly addressed a failure by the Clerk to follow the Court's order to deliver the transportation order to the USMS.

**Conclusion**

For these reasons, the Court should deny Defendant's motion. But, again, any dismissal should be without prejudice.

                                            Respectfully Submitted,

                                            JULIE BECK
                                            Acting United States Attorney

                                            *s/Jerome F. Gorgon Jr.*
                                            Assistant United States Attorney
                                            211 W. Fort Street, Suite 2001
                                            Detroit, MI   48226
                                            (313) 226-9676
                                            jerome.gorgon@usdoj.gov

Dated: March 21, 2025

## Certificate of Service

I hereby certify that on March 21, 2025, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to counsel of record, including Mark Magidson.